129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dondria McDONALD, Plaintiff-Appellant,
v.
John J. CALLAHAN, Acting Commissioner of Social Security,
Defendant-Appellee.
 No. 97-1679.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 20, 1997
Decided November 21, 1997.[1]
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 95-C-1188; Thomas J. Curran, Judge.
 Before POSNER, BAUER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Dondria McDonald, who suffers from scoliosis, sought judicial review of the denial of her application for supplemental security income benefits based on disability, pursuant to 42 U.S.C. § 405(g). The district court affirmed the decision of the Commissioner and dismissed the petition for review. On appeal, McDonald, who appears pro se, contends that the Commissioner's decision is not supported by substantial evidence. McDonald also submits additional evidence to this court. We affirm.
 
 
 2
 McDonald has lost at every step of the process. An ALJ denied benefits, finding that she was not disabled under the Social Security Act, see 42 U.S.C. § 423(d)(1)(A). Although McDonald could not perform her past relevant work, the ALJ, relying on the "grid" (the Medical-Vocational Guidelines), found that McDonald had the residual functional capacity to perform exertionally light work. The ALJ also found McDonald's complaint of pain not credible. The Appeals Council considered additional evidence submitted by McDonald, but denied review.
 
 
 3
 McDonald sought judicial review, and a hearing was held before a magistrate judge, who then issued a thorough and well-reasoned Report and Recommendation, finding that the ALJ's decision was supported by substantial evidence and recommending that the Commissioner's final decision be affirmed. The district court adopted the findings and recommendation of the magistrate judge and affirmed the Commissioner's decision.
 
 
 4
 McDonald testified at the hearing before the ALJ that she was 33 years old, had the equivalent of a high school education, and had completed some course work at a community college. She had worked as a day-care attendant, but stopped working in February 1993 due to pain from scoliosis, a condition she had suffered from since childhood. In August 1994, she was struck by a slow-moving truck while crossing a street. She was not struck hard enough to fall to the ground. Nevertheless, she alleges that the accident aggravated her pain. She had been attending college classes up until the accident. She "really couldn't say" how she spent her time each day other than some "studying" and overseeing her children in their daily chores and homework.
 
 
 5
 The medical evidence profoundly undermined McDonald's claim. In July 1993, Dr. Clarence Kluck examined McDonald at the request of Disability Determinations Services, and found that the pain was "not limiting in any fashion that I can determine." Her range of motion in the neck, hips, knees and feet was normal; there was no disk disease or arthritis, active inflammation, or joint deformity; she could perform fine manipulations; her grip strength was good; and there was no gait disturbance, muscle weakness or motor loss. He concluded: "I think this person is capable of working...."
 
 
 6
 Immediately following the August 1994 truck accident, an emergency room physician, Dr. Robert Hannaman, examined McDonald. He found some "mild contusions" but opined: "The patient appears to be exaggerating the amount of pain she has...." He also detected a "strong smell" of alcohol on her breath at the time of the examination. Six days later, McDonald returned to the emergency room complaining of pain stemming from the accident and was examined by Dr. R. Wayne Gage, who found no problems, and noted:
 
 
 7
 Actually, this patient is fairly impossible to evaluate, due to the fact that everywhere I touch her she says that it hurts.... The only evidence of trauma that I can see is a very minimal bruise.... It is my impression that certainly this Emergency Room visit is unnecessary.... I would be wondering if this patient would be seeking monetary reimbursements for injuries that do not really exist.
 
 
 8
 McDonald next sought treatment from her physician, Dr. James K. Blixt, who recommended very conservative treatment, including manipulations of her spine, and over-the-counter drugs. In support of McDonald's claims, Dr. Blixt wrote on September 19 and on October 26, 1994, that she was "unable to return to work or school" until November 1, 1994, "due to injuries she received in an accident."
 
 
 9
 Based on the record, the ALJ was entitled to find McDonald not credible, and his conclusions were supported by the medical record. Dr. Blixt's lone opinion that McDonald could not work lacked any basis; it was unsupported either by his own records or the other medical records, and contained no clinical or test findings.
 
 
 10
 In regard to the supplementary evidence McDonald submitted to the district court, the court properly exercised its discretion in not ordering a "sentence six" remand, 42 U.S.C. § 405(g), since the evidence was either not new, not material, and she failed to show good cause for not submitting it in a more timely manner. See Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). For the same reasons, we will not consider the new documents McDonald includes in her pro se brief before this court.[2]
 
 
 11
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [2]
 McDonald included four new documents: (1) a note with an illegible signature, dated August 21, 1995, stating that "Miss McDonald is disabled because sev. pain in the back [and] shoulder." (2) A questionnaire dated May 17, 1996 and signed by Dr. N. Khan, stating that McDonald could "never" perform sedentary activities. (3) A note dated June 11, 1996, signed "Charlene Wiener, RNC/FNP for S. Aman, M.D.," stating that McDonald "needs assistance to board and depart city busses. She needs one additional bus pass for the person who will assist her." (4) Another note from Sethi Medical Clinic, stating that McDonald has "scoliosis, myofacial pain syndrome," recommending that she "stay off from work till she is seen by pain specialist, Dr. Ansari."